UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS PHILLIPS,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRANCHISE TAX BOARD, et al.,<br><br>    Defendants. | Case No. 25-cv-07231-JD<br><br>**ORDER RE DISMISSAL** |

Pro se plaintiff Demetrius Phillips has sued the California Franchise Tax Board (FTB) and several of its officials under 42 U.S.C. § 1983, and on several state law theories, in what appears to be a dispute over a motor vehicle fee or tax. Dkt. No. 1. Phillips also appears to allege that he is not subject to California law because he is a "non-legal entity" and does not have a "legal relationship" with the state. *Id.* at ECF p. 2-3. He was granted leave to proceed in forma pauperis (IFP). Dkt. No. 4. The Court denied a temporary restraining order request from Phillips. Dkt. No. 22.

Defendants filed two virtually identical motions to dismiss. Dkt. Nos. 24, 25. The complaint is dismissed and the hearing set for November 13, 2025, is vacated.

As a pro se plaintiff, Phillips gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirement under Federal Rule of Civil Procedure 8 of providing a "short and plain statement of the claim" plausibly showing that he may be entitled to relief. *See Thieriot v. Sweet*, No. 25-cv-07816-JD, 2025 WL 2841685, at *1 (N.D. Cal. Oct. 7, 2025) (citation omitted).

That did not happen here. Even when read with a generous eye, the complaint is a largely unintelligible mass of statements about non-citizenship and statutory citations that are devoid of

any facts to explain what Phillips thinks the problem is and why he might be entitled to relief. Although defendants tried to stitch together a coherent story for purposes of dismissal, the Court cannot discern a plausible claim in the complaint as it currently stands. Phillips' statements in opposition to dismissal do not remedy the shortcomings in the complaint. *McLemore v. Marin Hous. Auth.*, No. 20-cv-05431-JD, 2021 WL 4124210, at *3 (N.D. Cal. Sept. 9, 2021) ("'[A] court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss' for additional factual allegations." (quoting *Schneider v. Cal. Dep't Corr.*, 151 F.3d 1194, 1197 n.1. (9th Cir. 1998) (emphasis in original))). Consequently, the complaint is dismissed with leave to amend.

Phillips may file an amended complaint by December 1, 2025. If Phillips chooses to amend, he is advised to address the fact that the FTB enjoys sovereign immunity. *See Franchise Tax Bd. of California v. Hyatt*, 587 U.S. 230, 249 (2019); *O'Neal v. Allison*, No. 22-cv-07367-JD, 2023 WL 1071645, at *2 (N.D. Cal. Jan. 27, 2023) ("[T]he Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent.").

Phillips is also reminded that he is proceeding pro se and may not file documents written in part or whole by an attorney who has not appeared on his behalf in the case. The opposition to the request for dismissal was strikingly different from the complaint, and bears the indicia of attorney assistance. *See* Dkt. No. 26. Phillips is advised that use of an undisclosed attorney will result in revocation of IFP status and sanctions up to and including dismissal of the case, and professional conduct sanctions up to disbarment for an attorney who is providing the assistance.

No new parties may be added in the amended complaint without the Court's prior approval. A failure to meet this filing deadline or otherwise comply with this order will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 7, 2025

JAMES DONATO
United States District Judge